IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JEROMY WILSON, Plaintiff

v.

CITY OF OMAHA, a municipal corporation;
MATT KUHSE, City Attorney for the City of Omaha, in his official capacity;
KEVIN SLIMP, City Prosecutor for the City of Omaha, in his official capacity;
DETECTIVE JARED DOSTAL, Omaha Police Department, in his individual and official capacities,

Defendants.

Case No. __8:26cv13__

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(42 U.S.C. § 1983; First and Fourteenth Amendments; Title II ADA; Section 504 Rehabilitation Act)
**JURY TRIAL DEMANDED**

## I. INTRODUCTION
1. This action seeks damages and injunctive relief for violations of Plaintiff's constitutional and statutory rights arising from Defendants' repeated failure to enforce Nebraska harassment, stalking, and cyberstalking laws despite extensive notice, multiple police reports, probable cause, a criminal citation, a civilian complaint, and a court-issued harassment protection order. Defendants' actions and omissions caused ongoing emotional distress, safety risks, retaliation for protected speech, selective non-enforcement, and disability discrimination, substantially interfering with Plaintiff's ability to care for his minor child and protect his family from coordinated online harassment.

## II. PARTIES
2. Plaintiff Jeromy Wilson is a resident of Douglas County, Nebraska and the sole custodial parent of a minor child. Plaintiff has a disability and is the parent of a child with a disability who lacks the developmental capacity to understand or respond appropriately to threats or dangerous situations.
3. Defendant City of Omaha is a municipal corporation responsible for the policies, customs, practices, training, supervision, and conduct of the Omaha Police Department and the City Prosecutor's Office.
4. Defendant Matt Kuhse is the City Attorney for the City of Omaha and is sued in his official capacity only.
5. Defendant Kevin Slimp is the City Prosecutor for the City of Omaha and is sued in his official capacity only.

6. Defendant Detective Jared Dostal is a detective with the Omaha Police Department and is sued in his individual and official capacities.

### III. JURISDICTION AND VENUE

7. This action arises under 42 U.S.C. § 1983, the First and Fourteenth Amendments, Title II of the ADA, and Section 504 of the Rehabilitation Act.
8. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.
9. Venue is proper in this District under 28 U.S.C. § 1391.

### IV. FACTUAL ALLEGATIONS

10. Beginning in or around September 2025, Plaintiff contacted the Omaha Police Department on at least six occasions to report harassment, stalking, and cyberstalking by Brandon Taylor.
11. Plaintiff filed multiple police reports, including AU90078; AU96222 (10/23/25); AU97954 (10/31/25); AA08730; OP5256880 (criminal citation); a January 6, 2026 report alleging violation of a harassment protection order; and AA11655 (1/7/26).
12. These reports establish a course of conduct under Neb. Rev. Stat. §§ 28-311.02 and 28-311.03, which do not require direct communication with the victim but encompass repeated acts, electronic communications, and third-party contact that would cause a reasonable person to feel threatened or intimidated.
13. On multiple occasions, Plaintiff was advised by Defendants and other law enforcement personnel that harassment required direct communication with the victim. This interpretation is inconsistent with the plain language of Nebraska law and reflects a misunderstanding or misapplication of the governing statutes.
14. Plaintiff is informed and believes that Defendants' repeated minimization of the reported conduct reflected bias, improper prioritization, or a belief that Plaintiff's complaints were less important than other crimes, resulting in selective non-enforcement.
15. Despite this documented pattern, OPD officers, including Detective Dostal, failed to take meaningful enforcement action.
16. On October 10, 2025, Brandon Taylor confronted Plaintiff at his gym and then posted about the encounter on social media.
17. On or about October 11–12, 2025, a note was left on Plaintiff's front porch and was reported but not meaningfully investigated.
18. Taylor continued to use social media to call for others to contact Plaintiff and to contact OPD, Child Protective Services, and local courts, increasing harassment based solely on Plaintiff's prior criminal history and not any current unlawful conduct.
19. On or about October 23, 2025, Brandon Taylor recruited Danesh Noshirvan to participate in and amplify the harassment campaign against Plaintiff. Danesh Noshirvan possesses millions of followers across multiple social media platforms, including TikTok, Facebook, Instagram, and others, and Taylor's recruitment was intended to leverage that substantial audience to broaden dissemination of false and misleading information about Plaintiff and to intensify harassment and intimidation.
20. The coordinated online harassment spilled over into Plaintiff's personal life and directly impacted Plaintiff's minor child's education, including interference with school staff, the school district, and educational services, causing disruption, distress, and reputational harm.

21. Law enforcement officials, including OPD and the City Prosecutor's Office, were aware of the ongoing coordinated harassment involving Taylor and Noshirvan and nevertheless failed to take action beyond documenting reports, despite the foreseeable risk of continued escalation.

22. Taylor has publicly and directly stated that he would not stop his conduct even if police became involved and that he did not care about law enforcement intervention, further demonstrating intent and the foreseeable risk of harm.

23. Detective Dostal had actual knowledge of the reports and, in a recorded conversation with the accused, indicated that Plaintiff's prior criminal history influenced enforcement decisions rather than statutory criteria.

24. On December 8, 2025, Plaintiff filed a formal civilian complaint against Detective Dostal based on a recording publicly posted by Taylor containing audio from a private conversation between Taylor and Dostal.

25. Plaintiff spoke directly with City Prosecutor Kevin Slimp on December 8, 2025 at approximately 2:05 p.m. and was advised the matter was civil despite the established course of conduct.

26. On or about December 23, 2025, after consultation with OPD and Sergeant James Shade, a criminal citation was issued confirming probable cause.

27. On January 9, 2026, Plaintiff was informed the City would not pursue charges.

28. In October 2025, the Douglas County District Court issued an ex parte harassment protection order, Case No. CI-25-8367, effective October 30, 2025, which Defendants failed to enforce.

29. Defendants' failure to act placed Plaintiff and his minor child at continued risk. Plaintiff's child lacks the ability to perceive danger, and the ongoing harassment and litigation have substantially interfered with Plaintiff's ability to provide stable care, maintain employment, and ensure his child's safety and emotional well-being.

30. As a result of the ongoing harassment, Brandon Taylor and Danesh Noshirvan are defendants in Nebraska District Court Case No. CI 25-9195, Brandon Taylor is also a defendant in a separate defamation and libel action, Nebraska District Court Case No. CI 25-8945, and Danesh Noshirvan is a defendant in a separate federal civil action pending in the United States District Court for the District of Nebraska, Case No. 8:25-cv-635.

## V. CLAIMS FOR RELIEF

### Count I – 42 U.S.C. § 1983 (Monell – City of Omaha)

31. The City maintained policies and customs resulting in failure to enforce Nebraska harassment and stalking statutes despite notice and probable cause.

### Count II – First Amendment Retaliation

32. Defendants retaliated against Plaintiff for protected speech and petitioning activity.

### Count III – Fourteenth Amendment Equal Protection

33. Plaintiff was selectively denied law enforcement and prosecutorial protection without rational basis.

### Count IV – Individual Liability (Detective Dostal)

34. Detective Dostal acted with deliberate indifference to Plaintiff's clearly established constitutional rights.

### Count V – ADA / Rehabilitation Act
35. Defendants denied Plaintiff and his disabled child meaningful access to public safety services due to disability.

### VI. DAMAGES
36. Plaintiff seeks compensatory damages in the amount of $25,000,000.00 and punitive damages against Detective Dostal individually.

### VII. PRAYER FOR RELIEF
Plaintiff seeks judgment, compensatory and punitive damages, declaratory and injunctive relief, costs, and attorneys' fees.

### VIII. JURY DEMAND
Plaintiff demands a trial by jury on all triable issues.

### IX. VERIFICATION
Plaintiff certifies under penalty of perjury that the foregoing is true and correct to the best of his knowledge.

Dated: **January 12, 2026**

*[signature]*

Jeromy Wilson, Pro Se
4213 Corby Street
Omaha, Nebraska 68111
Phone: 402-415-9016
Email: djjjik2015@gmail.com