IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEROMY WILSON, | | |
| Plaintiff, | | **8:26CV13** |
| vs. | | |
| CITY OF OMAHA, a municipal corporation; MATT KUHSE, City Attorney for the City of Omaha, in his official capacity; KEVIN SLIMP, City Prosecutor for the City of Omaha, in his official capacity; and JARED DOSTAL, Detective, Omaha Police Department, in his individual and official capacities; | | **MEMORANDUM AND ORDER** |
| Defendants. | | |

This matter is before the Court on pro se Plaintiff Jeromy Wilson's Motion for Leave to File First Amended Complaint, Filing No. 23, and Motion for Appointment of Counsel on Behalf of Minor Plaintiff. Filing No. 19. Defendants oppose Plaintiff's motion to amend as futile. Filing No. 35.

Plaintiff's motion for leave to amend is granted. Federal Rule of Civil Procedure 15 permits a litigant to amend their pleading once as a matter of course, without leave of Court or the opposing party's consent, no later than 21 days after service of a motion under Rule 12(b).

Defendants served their Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b) on March 4, 2026. Filing No. 14. Plaintiff had until March 25, 2026 to amend as a matter of course. Plaintiff timely filed a motion to amend on March 24, 2026. Filing No.

1

21. Plaintiff subsequently filed a second motion to amend on March 26, 2026. Filing No. 23. The Court denied Plaintiff's March 24 motion to amend as moot. Filing No. 24.

Plaintiff attached a proposed amended complaint to both motions. *See* Filing No. 21-1; Filing No. 23-1. Upon careful review, the proposed amended complaints are substantively identical. Plaintiff simply changed the caption in the proposed amended complaint attached to the March 26 motion so it correctly indicated it was his "First Amended Complaint" as opposed to his "Second Amended Complaint."

Plaintiff did not need the Court's leave to file the proposed amended complaint he attached to his March 24 motion to amend because he was within the time to amend as a matter of course. Since the March 24 and March 26 proposed amended complaints are substantively identical, the Court will allow Plaintiff to file the proposed amended complaint attached to his March 26 motion as his First Amended Complaint.

Plaintiff also moves the Court to appoint counsel for his minor daughter, A.W. Filing No. 19. A civil litigant has no constitutional or statutory right to a court-appointed attorney. The Court may, however, make such an appointment at its discretion. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). In determining whether to exercise its broad discretion in whether to appoint counsel for an indigent party, the Court considers the merits of the claim. *Crozier ex rel. A.C. v. Westside Comm. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020). The Court also considers the factual and legal complexity of the case, the presence or absence of conflicting testimony, the pro se party's ability to investigate the facts and present or defend the claims, and whether and to what extent the unrepresented party made any effort to retain counsel before seeking court-appointed counsel. *Davis*, 94 F.3d at 447; *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

Here, Plaintiff is bringing claims on behalf of his minor daughter. He correctly recognizes he is unable to appear pro se on A.W.'s behalf in his representative capacity because he is not an attorney. *Crozier*, 973 F.3d at 887 (collecting cases). Since A.W. is a minor, she lacks the capacity to sue. First *see* Fed. R. Civ. Proc. 17(b)(1); and then *see* Neb. Rev. Stat. § 25-307. This means A.W. is precluded from presenting her claims at

this time unless the Court appoints her counsel. Plaintiff also represents he is indigent[1] and he contacted multiple attorneys who declined to represent A.W. before he moved the Court to appoint her counsel.

The problem is A.W.'s claims. Plaintiff is alleging claims on A.W.'s behalf for violations of the Equal Protection Clause of the Fourteenth Amendment, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and Section 504 of the Rehabilitation Act. The common deficiency for all three claims is there is no link between A.W., A.W.'s disability, and Defendants' alleged wrongdoing.

The allegations all relate to Plaintiff's attempts to report harassment directed at Plaintiff to Defendants. Plaintiff alleges A.W. was harmed because of Defendants' alleged failures to investigate and/or prosecute this harassment. However, for A.W. to succeed on her equal protection, ADA, or Rehabilitation Act claims, Defendants must have discriminated against A.W., not Plaintiff. *See, e.g.*, *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999) (to state a prima facie ADA claim plaintiff must show, in relevant part, plaintiff "was excluded from the benefit due to discrimination based upon disability"); *Wojewski v. Rapid City Regl. Hosp., Inc.*, 450 F.3d 338, 344 (8th Cir. 2006) (elements of section 504 claim); *More v. Farrier*, 984 F.2d 269, 271 (8th Cir. 1993) (elements of equal protection claim).

There are no alleged facts connecting Defendants and A.W. The alleged facts are simply that A.W. is Plaintiff's daughter and she also happens to be disabled. The claims Plaintiff asserts on A.W.'s behalf are not sufficiently meritorious to warrant the appointment of counsel. Since Plaintiff is not permitted to litigate A.W.'s claims pro se, the Court will set a deadline for Plaintiff to obtain the services of counsel and enter their appearance for A.W.

Accordingly,

IT IS ORDERED:

---

[1] Plaintiff did not file a financial affidavit and is not proceeding *in forma pauperis* in this litigation. *See* 28 U.S.C. § 1915.

3

1) Plaintiff's Motion for Leave to File First Amended Complaint, Filing No. 23, is granted.

2) Plaintiff shall file the proposed amended complaint attached to his motion at Filing No. 23-1 on or before April 29, 2026.

3) Plaintiff's Motion for Appointment of Counsel on Behalf of Minor Plaintiff, Filing No. 19, is denied.

4) Plaintiff cannot litigate pro se on A.W.'s behalf. On or before May 22, 2026, Plaintiff shall obtain the services of counsel on A.W.'s behalf and have that attorney file an appearance in this case. The failure to do so may result in the dismissal of A.W.'s claims without further notice.

Dated this 22nd day of April, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

4