IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| JEROMY WILSON,<br><br><br>Plaintiff,<br><br><br>vs.<br><br><br>CITY OF OMAHA, a municipal corporation; MATT KUHSE, City Attorney for the City of Omaha, in his official capacity; KEVIN SLIMP, City Prosecutor for the City of Omaha, in his official capacity; and JARED DOSTAL, Detective, Omaha Police Department, in his individual and official capacities;<br><br><br>Defendants. | 8:26CV13<br><br><br>**FINDINGS, RECOMMENDATION, AND ORDER** |

This matter is before the Court on Plaintiff's Request for Clarification. Filing No. 39. Plaintiff seeks clarification of the Court's order, Filing No. 37, setting a deadline for Plaintiff to obtain counsel for his minor daughter, A.W., upon the filing of the First Amended Complaint.

For context, Plaintiff filed a motion "for the appointment of counsel to represent his minor autistic and intellectually disabled daughter [A.W.] . . . in connection with the claims asserted on her behalf in this action." Filing No. 19. He clarified that, "[t]he factual basis for [A.W.'s] claims is set forth in detail in Plaintiff's

1

[First] Amended Complaint, filed concurrently herewith,[1] which Plaintiff incorporates by reference." *Id.* If the Court denied the motion, Plaintiff requested "the Court permit [A.W.'s] claims to remain on the record without prejudice pending Plaintiff's further efforts to obtain representation, and that the Court toll any applicable deadlines with respect to [A.W.'s] claims pending appointment or retention of counsel." *Id.*

The Court subsequently granted Plaintiff leave to file the First Amended Complaint, denied Plaintiff's motion for appointment of counsel, and, because Plaintiff is not an attorney, set a deadline for Plaintiff to obtain the services of counsel on A.W.'s behalf. Filing No. 37; *see generally Crozier ex rel. A.C. v. Westside Comm. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) ("Non-attorney parents cannot litigate *pro se* on behalf of their minor children, even if the minors cannot then bring the claim themselves.").

Plaintiff filed the First Amended Complaint. Filing No. 38. Confusingly, Plaintiff then filed a motion to clarify the Court's order because, "A.W. is not named as a plaintiff in the First Amended Complaint" and "is not a party to the First Amended Complaint." Filing No. 39. Since Plaintiff now represents he did not intend to assert claims on A.W.'s behalf in the First Amended Complaint and Plaintiff cannot litigate pro se on A.W.'s behalf as a non-attorney parent, the undersigned recommends the Court dismiss any claims brought on behalf of A.W.

---

[1] The Court denied the motion to amend Plaintiff filed with his motion to appoint counsel without prejudice due to procedural defects. *See* Filing No. 20. Plaintiff subsequently filed two additional motions to amend. Filing No. 21; Filing No. 23. The second motion to amend was denied as moot and, for the reasons set forth in the Court's order, Filing No. 37, Plaintiff's third motion to amend was granted. Plaintiff never moved to withdraw his motion to appoint counsel. Moreover, Plaintiff outlined A.W.'s "independent claims" in the motion for appointment of counsel. The claims detailed in the motion for appointment of counsel aligned with the (liberally construed) claims alleged in the proposed amended complaint attached to the motion to amend that the Court ultimately granted.

in the First Amended Complaint without prejudice. The May 22, 2026 deadline for Plaintiff to obtain counsel for A.W. is vacated.

Accordingly,

IT IS HEREBY RECOMMENDED to the Honorable John M. Gerrard, Senior United States District Judge, that the Court dismiss any claims brought on behalf of A.W. in the First Amended Complaint without prejudice.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this Court may be held to be a waiver of any right to appeal the Court's adoption of the recommendation.

Further,

IT IS ORDERED that:

1) Plaintiff's request for clarification, Filing No. 39, is granted.
2) The May 22, 2026 deadline in the Court's April 22, 2026 Memorandum and Order, Filing No. 37, for Plaintiff to obtain the services of counsel on A.W.'s behalf and have that attorney file an appearance in this case is vacated.

Dated this 24th day of April, 2026.

BY THE COURT:

_s/ Jacqueline M. DeLuca_

United States Magistrate Judge

3